# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | No.: 3:11-CR-00188 |
| ) | JUDGE SHARP |
| ) | |
| DANIEL VARAJAS, ) | |
| DEFENDANT. ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, **Daniel Varajas**, respectfully represents to the Court as follows:

(1) My true full name is Daniel Varajas. I was born on June 26, 1975, and completed 9 years of formal education.

(2) My lawyer is Rayburn McGowan Jr.

(3) I have received a copy of the indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the indictment.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offenses with which I am charged is as follows:

As to **Count One**-Conspiracy to Possess with the Intent to Distribute 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Section 841 and 846, a felony punishable with at least ten ( 10 ) years imprisonment and up to life imprisonment, a fine of not more than $4,000,000.00 dollars, a term of supervised release of at least ( 5 ) years, restitution is not applicable, and a mandatory special assessment of $100.00 dollars. As to **Count Two**, Possession with Intent to Distribute 5 kilograms or more of Cocaine, in violation of 21 United States Code Section 841 and 18 United States Code Section 2, the penalties are the same as

before-mentioned in Count One.

As to the penalties for **Count One** to which I am pleading guilty, I understand the penalties are the same as stated above: punishable with at least ( 10 ) years of imprisonment, and up to life imprisonment, a fine of not more than $4,000,000.00 dollars, a term of supervised release of at least ( 5 ) years, restitution is not applicable, and a mandatory special assessment of $100.00 dollars.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in18 U.S.C. ' 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. Pursuant to the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005) and United States v. Fanfan, 543 U.S. 220 (2005), the guidelines are "advisory", requiring the sentencing court only to consider guideline ranges, but permitting it to tailor the sentence in light of other statutory concerns. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyer=s estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government. The final Guideline calculation will be made by the Court. I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I further understand that as a part of any sentence of imprisonment I receive that I may be sentenced to a period of supervised release and should I be sentenced to a term of supervised release and violate the terms of that supervised release, upon revocation I could be imprisoned and an additional period of supervised release could be imposed. If I am charged with more than one offense, I understand that the advisory guidelines take this into consideration. I have been informed that under the present federal sentencing system, I will not be subject to parole, and I will receive only 54 days good timer per year and it will not vest until the end of each year. I further understand that I will be sentenced to a mandatory fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any fine. Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. Nothing in this paragraph serves as a waiver of my constitutional rights under the Sixth Amendment.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase any sentence that I receive, including up to life imprisonment; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. [If I

have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.]

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial, and that the Court may impose sentence upon me as if I had been convicted by a jury or, if there is one, may sentence me within the limits set forth in the plea agreement stated in paragraph (13) herein.

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C) I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B) I have no right to withdraw my plea. I hope to receive probation or some form of leniency, but I am prepared to accept any punishment permitted by law which the Judge may see fit to impose. I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by twenty-five or more years of imprisonment. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked her/him to do and I am satisfied with her/his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

3

**GUILTY to: COUNT ONE** of the Indictment.

(13) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the Federal Rules of Criminal Procedure. The plea agreement is as follows:

**SEE ATTACHED PLEA AGREEMENT.**

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the indictment/information, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me ~~in open court~~ prior under the penalties of perjury in the presence of my lawyer, this the 6th day of September, 2013.

_DANIEL VARAJAS_
**Mr. Daniel Varajas**

4

## ACKNOWLEDGEMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

Mr. Alex Little

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for **Daniel Varajas**, hereby certifies as follows:

(1) I have read and fully explained to **Daniel Varajas,** all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by **Daniel Varajas** in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in ~~open court~~ in the presence of **Daniel Varajas**, this 9th day of September, 2013.

Rayburn McGowan Jr.

# ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of her/his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this 19th day of July, 2013.

Honorable Kevin H. Sharp
United States District Judge